IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PERVENIA BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-2713-B-BN |
| | § | |
| FITNESS INTERNATIONAL LLC, d/b/a LA FITNESS AND ESPORTA FITNESS, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER NOTICING DEFICIENCY REGARDING JURISDICTION**

This case was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Jane J. Boyle. *See* Dkt. No. 6.

Plaintiff Pervenia Brown filed this complaint against Fitness International LLC, doing business as LA Fitness and Esporta Fitness Health Club. *See* Dkt. No. 3.

Brown does not specify the basis of jurisdiction in her complaint. *See id.*

On further review of the complaint, the Court finds that Brown's jurisdictional showing is lacking.

The federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

Due to the limited nature of the federal courts' jurisdiction, "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to

invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted).

But the Court has an independent duty to ensure that there is subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999). "A defect in the district court's subject matter jurisdiction ... may be raised at any time by the parties or the court itself and cannot be waived." *Hayes v. Gulf Oil Corp.*, 821 F.2d 285, 290-91 (5th Cir. 1987). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331.

To determine whether federal question jurisdiction exists, courts apply the "well-pleaded complaint" rule. The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011).

"Most directly, and most often, federal jurisdiction attaches when federal law creates the cause of action asserted." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383 (2016). And, so, if the Court finds a federally created cause of action on the face of the plaintiff's well-pleaded complaint, the Court may exercise federal question jurisdiction over the claim.

But Brown has not established on the face of her complaint that her claims

against Defendants are based on a federal cause of action.

Brown's complaint raises only personal injury tort claims, specifically negligence. *See* Dkt. No. 3 at 6. But Brown does not allege that her tort claims arise out of federal law. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (declining to exercise jurisdiction over a case in which the parties did "not allege that federal law create[d] any of the causes of action that they … asserted").

On rare occasions, Section 1331 "also covers a suit containing state-law claims alone, because one or more of them necessarily raises a substantial and actually disputed federal question." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (cleaned up). But that is not the case here.

And, so, the Court is not persuaded that federal question jurisdiction exists under 28 U.S.C. § 1331.

Diversity jurisdiction under 28 U.S.C. § 1332 may provide an alternative basis for subject matter jurisdiction here, but Brown has not sufficiently pleaded it in her complaint.

Subject matter jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship between the parties and the matter in controversy exceeds $75,000. *See Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing 28 U.S.C. § 1332); *see also Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742 (5th Cir. 2020).

The party invoking jurisdiction under Section 1332 is responsible for showing that the parties are completely diverse. *See Menchaca v. Chrysler Credit Corp.*, 612 F.2d 507, 511 (5th Cir. 1980); *see also Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.").

"For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of x one's permanent home." *SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023).

And, while the party invoking subject-matter jurisdiction is not required to prove an intent to make the place of residency a party's permanent home,

> [i]n determining a litigant's domicile, the court must address a variety of factors. No single factor is determinative. The court should look to all evidence shedding light on the litigant's intention to establish domicile. The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family.

*Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996) (citations omitted).

So, where the party invoking subject-matter jurisdiction under Section 1332 (1) merely concludes that a party is domiciled where he or she is alleged to currently reside and (2) fails to meaningfully address any *Coury* factor as to any party, a court cannot find that a party's domicile has been plausibly alleged and that complete diversity supports subject-matter jurisdiction under Section 1332.

And "[f]or limited liability companies, § 1332 citizenship is determined by the citizenship of 'all of its members.'" *SXSW*, 83 F.4th at 407-08 (quoting *Harvey*, 542

F.3d at 1080 (5th Cir. 2008)).

"To establish diversity jurisdiction in a suit by or against an LLC, a party 'must specifically allege the citizenship of every member of every LLC.'" *SXSW*, 83 F.4th at 407-08 (quoting *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017)).

Here, Brown alleges that (1) she is "a resident of the State of Texas" and (2) Fitness International LLC is "a health club chain operator headquartered in Irvine, California and operated in the State of Texas." Dkt. No. 3. She also alleges that LA Fitness and Esporta Fitness are managed by Fitness International LLC.

These allegations are insufficient to show the citizenship of each party under the standards set out above.

Brown alleges only her own residence, which, as explained above, is not determinative of a party's domicile. And the complaint Brown has not alleged the citizenship of each of Fitness International LLC's members.

And, so, Brown has not shown that the parties are diverse for the purposes of Section 1332.

The Court will allow Brown an opportunity to, by no later than **September 14, 2026,** file a response to this notice of deficiency to address and attempt to cure the complaint's jurisdictional defects, consistent with the governing law outlined above.

Failure to adequately establish the required jurisdictional facts will result in a recommendation of dismissal under Federal Rule of Civil Procedure 12(h)(3).

SO ORDERED.

DATED: August 31,, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE