IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PERVENIA BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-2713-B-BN |
| | § | |
| FITNESS INTERNATIONAL LLC, d/b/a LA FITNESS AND ESPORTA FITNESS, | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Jane J. Boyle. *See* Dkt. No. 6.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit for lack of subject matter jurisdiction.

**Discussion**

The federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

Due to the limited nature of the federal courts' jurisdiction, "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.

1998) (footnote omitted).

But the Court has an independent duty to ensure that there is subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999). "A defect in the district court's subject matter jurisdiction ... may be raised at any time by the parties or the court itself and cannot be waived." *Hayes v. Gulf Oil Corp.*, 821 F.2d 285, 290-91 (5th Cir. 1987). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

Plaintiff Pervenia Brown filed this complaint against Defendant Fitness International LLC, doing business as LA Fitness and Esporta Fitness Health Club. *See* Dkt. No. 3.

The Court entered a Memorandum Opinion and Order Noticing Deficiency Regarding Jurisdiction that permitted Brown to cure the complaint's jurisdictional defects. *See* Dkt. No. 8. Specifically, the Court noted that Brown's complaint did not sufficiently plead federal question jurisdiction under 28 U.S.C. § 1331 nor diversity jurisdiction under 28 U.S.C. § 1332. *See id.* As to Section 1332, Brown's allegations regarding the citizenship of herself and Fitness International were inadequate. *See id.*

Brown filed a response to the Memorandum Opinion and Order on September 2, 2026, but the response failed to cure these jurisdictional deficiencies. *See* Dkt. No. 9. The response addressed neither Brown's nor Fitness International's citizenship.

And, so, the Court entered a Second Order Noticing Deficiency Regarding Jurisdiction to remind Brown that it has allowed her an opportunity to, by no later than September 14, 2026, file a response to address and attempt to cure the complaint's jurisdictional defects, consistent with the governing law outlined in the Memorandum Opinion and Order. *See* Dkt. No. 10.

Brown filed an amended complaint for the purpose of correcting the jurisdiction deficiencies in her original complaint. *See* Dkt. No. 11. The amended complaint now sufficiently pleads that Brown is a citizen of Texas. *See id.* at 2. But it fails, again, to properly plead the citizenship of Fitness International.

As the Court explained in its Memorandum Opinion and Order,

> "[f]or limited liability companies, § 1332 citizenship is determined by the citizenship of 'all of its members.'" *SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407-08 (5th Cir. 2023) (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)).
>
> "To establish diversity jurisdiction in a suit by or against an LLC, a party 'must specifically allege the citizenship of every member of every LLC.'" *Id.* at 407-08 (quoting *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017)).

Dkt. No. 8 at 4-5 (citations altered). Brown's amended complaint alleges that Fitness International has its "principal address" in California, "may be served by its registered agent, CT Corporation System," in California, and is "a citizen of California." Dkt. No. 11 at 2. But it does not allege the identities or citizenship of Fitness International's members.

And, so, Brown's amended complaint still did not sufficiently allege that this Court has jurisdiction under Section 1332 to hear her lawsuit.

The Court entered a Third Order Noticing Deficiency Regarding Jurisdiction, once again notifying Brown that her jurisdictional allegations were inadequate and allowing her another opportunity to amend her pleadings by September 18, 2026. *See* Dkt. No. 13.

On September 14, 2026, Brown filed a response to the Court's orders, purporting to correct her jurisdictional allegations. *See* Dkt. No. 14.

Brown alleges that "Defendant Fitness International, LLC ('Fitness') or the 'Company') is a limited liability company founded in Irvine and headquartered at 3161 Michelson Drive, Suite 600, Irvine, CA 92612." Dkt. No. 14 at 2. But she then alleges Fitness International "was incorporated in September 1997, under the laws of the State of California, with its headquarters located in Irvine, California." *Id.*

And, so, she alleges, Fitness International is a citizen of California. *See id.*

The undersigned cannot agree. As the Court has explained, a limited liability company's citizenship is determined not by its state of incorporation or organization, nor by the location of its headquarters. Rather, its citizenship is determined by the citizenship of each of its members. *See SXSW*, F.4th at 407-08.

Brown still has not pleaded the identities or citizenship of Fitness International's members. And, so, the undersigned cannot find that the Court has diversity jurisdiction over this lawsuit under Section 1332.

## Recommendation

For the reasons explained above, the Court should dismiss this lawsuit without prejudice for lack of subject matter jurisdiction.

The 14-day objection period, as outlined below, provides Brown with an opportunity to respond and, if she can, show to the Court it has federal subject matter jurisdiction over this action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)

DATED: September 14, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE